UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JOSHUA TYLER** | **DOCKET NO. 6:22-cv-1154**<br>**SECTION P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **UNKNOWN DEFENDANTS, ET AL** | **MAGISTRATE CAROL WHITEHURST** |

## REPORT AND RECOMMENDATION

Pro se plaintiff Joshua Tyler, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on April 12, 2022. Doc. 1. On July 14, 2022, he was ordered to amend his complaint to provide more details. Doc. 12. Plaintiff filed Amended Complaints on August 1, 2022 (doc. 13), August 15, 2022 (doc. 15) and on September 6, 2022 (doc. 17). Plaintiff names the following as defendants: (1) Catahoula Correctional Center; (2) Unknown Insurance Co.; (3) Randy Fontenot; (4) Mike Tregre; (5) LaSalle Management Inc.; (6) Eunice Hospital; (7) Parish of St. Landry; (8) Kentrell Taylor; (9) Quitin Doyle; (10) Bobby Guidroz; (11) Warden Doucet; (12) Toney Edwards; and (13) Sherman Ford.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons, **IT IS RECOMMENDED** that plaintiff's claims be **DISMISSED WITH PREJUDICE** as frivolous.

### I. BACKGROUND

Plaintiff's amended complaints set forth claims against numerous parties and allege numerous seemingly unrelated factual scenarios over an unknown period of time.

## II. LAW AND ANALYSIS

### A. *Frivolity Review*

Tyler has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. *Section 1983*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. *Improper Defendants*

#### a. *Supervisory Officials*

Plaintiff has sued Eunice Chief of Police Randy Fontenot, LaPlace Chief of Police Mike Tregre, St. Landry Parish Sheriff Bobby Guidroz, Catahoula Correctional Center Warden Doucet, Sheriff Toney Edwards and Warden Sherman Ford, in their supervisory capacities. Plaintiff is hereby advised: "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 113 S.Ct. 2443 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 514 U.S. 1107 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897 (1983). In other words, to the extent that plaintiff seeks to name supervisory officials as defendant, he must allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by that defendant.

Plaintiff has failed to assert a non-frivolous claim against these defendants. Because he does not allege that any facts that would implicate them as being personally involved the matter before this Court, he is unable to state a claim against them.

#### b. *Catahoula Correctional Center*

In Louisiana, the responsibility for parish jails is divided, with the parish responsible for the jail's physical maintenance (La. Rev. Stat. § 15:702), and the sheriff charged with the duty to administer and operate the jail (La. Rev. Stat. § 15:704). The office of sheriff is a constitutionally created office in Louisiana, existing separately from the parish government. Thus, in Louisiana,

jail facilities are not "legally empowered to do" anything independent of either parish officials or the parish sheriff. *Roberts v. Sewerage and Water Bd. of New Orleans*, 634 So. 2d 341, 347 (La. 1994). Consequently, "a prison or jail or its administrative departments are not entities that can be sued under Section 1983 because they are not juridical entities under state law capable of being sued and/or because they are not persons for purposes of suit under Section 1983 as the statute and case law define that term." *Douglas v. Gusman*, 567 F. Supp. 2d 877, 892 (E.D. La. 2008) (citations omitted). A § 1983 action must be filed against an actual identified person, not a department. *Carter v. Strain*, No. 09-3401, 2009 U.S. Dist. LEXIS 120498, 2009 WL 2390808, at *3 (E.D. La. July 31, 2009) (*citing August v. Gusman*, No. 06-3962, 2008 U.S. Dist. LEXIS 11206, 2008 WL 466202, at *7 (E.D. La. Feb. 13, 2008); *Staritz v. Valdez*, No. 3-06-CV-1926, 2007 U.S. Dist. LEXIS 36772, 2007 WL 1498285, at *2 (N.D. Tex. May 21, 2007); *Banks v. United States*, No. 05-6853, 2007 U.S. Dist. LEXIS 24454, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007).

In addition to lacking the capacity to be sued, as required by Fed. R. Civ. P. 17(b), prisons are improper defendants in a § 1983 case because federal courts have recognized that a jail or prison facility is not a "person" within the meaning of § 1983. *See Wetzel v. St. Tammany Par. Jail*, 610 F. Supp. 2d 545, 548 (E.D. La. 2009) (*citing Cullen v. DuPage Cty.*, No. 99-1296, 1999 U.S. Dist. LEXIS 19477, 1999 WL 1212570 at *1 (N.D. Ill. Dec. 1, 1999). The prisons are buildings, not entities that can be sued. *See Jones v. St. Tammany Par. Jail*, 4 F. Supp. 2d 606, 613 (E.D. La. 1998) (dismissing with prejudice the St. Tammany Parish Jail as an improper defendant); *see also Kerr v. Orleans Par. Sheriff's Office Prison*, No. 15-0746, 2015 U.S. Dist. LEXIS 104530, 2015 WL 4755174, *3 (E.D. La. Aug, 10, 2015). Accordingly, Plaintiff's claims against the Catahoula Correctional Center must be dismissed.

### c. *State Actors*

Plaintiff names the Eunice Hospital and its Insurer, as well as Kentrell Taylor, the hospital security guard, as defendants, alleging that the hospital and Taylor had "full knowledge" of Tyler's innocence and made a false statement against him. Section 1983 affords a remedy against state actors only. In other words, "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982). This means that "the party charged with the deprivation must be a person who may fairly be said to be a state actor," that is, one who is in fact a state official, one who "has acted with or has obtained significant aid from state officials," or one whose "conduct is otherwise chargeable to the State." *Id*. at 937. Private individuals generally are not construed to act under color of law, and accordingly, are not considered state actors. *Id*. at 941. Moreover, a hospital does not become a state actor simply due to receipt of public funds and being subject to state regulation. *Wheat v. Mass*, 994 F.2d 273, 276 (5th Cir. 1993). Eunice Hospital is not a state actor, nor is it alleged they were acting under the color of law.

In addition, while a private individual may act under color of law in certain circumstances, such as when a private person is involved in a conspiracy or participates in joint activity with state actors. *Adickes v. S. H. Kress & Co*., 398 U.S. 144, 150-52 (1970), Plaintiff does not allege, nor do the facts before the Court support a finding, that the Eunice Hospital conspired with state actors to allegedly violate Plaintiff's constitutional rights. Accordingly, the Eunice Hospital and its Insurer should be dismissed.

With respect to Kentrell Taylor, Plaintiff does not allege that the security guard was following orders from a law enforcement officer or other state actor, nor does he allege that the

5

security guard was an off-duty police officer acting on behalf of the state. *See Morris v. Dillard Dept. Stores, Inc.,* 277 F.3d 743, 748-49 (5th Cir. 2001). On these facts, the court is unable to conclude that the conduct of Taylor is "fairly attributable to the State." *See Bass*, 180 F.3d at 243 (noting that "citizen's arrest" does not give rise to liability under section 1983*); Thurman v. Lonestar Park at Grand Prairie*, No. 3-01-CV-1171-M, 2001 U.S. Dist. LEXIS 13845, 2001 WL 984870 at *1 (N.D. Tex. Aug. 15, 2001) (dismissing as frivolous pro se civil rights action against private company and security guards who detained plaintiff for criminal trespass and "verbally abused" him before police arrived). As such, Taylor should also be dismissed, as he is not a state actor.

### D. Claims

#### a. False Arrest

Plaintiff names arresting office, St. Quitin Doyle of the Eunice Police Department, as a defendant, alleging that he had "full knowledge of Tyler's innocence" prior to arresting him. The Fourth Amendment right to be free from false arrest is clearly established. *See Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 206 (5th Cir. 2009) ("The Fourth Amendment right to be free from false arrest—arrest without probable cause—was clearly established at the time of [the plaintiffs'] arrests." (*citing Gerstein v. Pugh*, 420 U.S. 103, 111-12 (1975)); *Thomas v. Kippermann*, 846 F.2d 1009, 1011 (5th Cir. 1988)). But "[w]here an arrest is made under authority of a properly issued warrant, the arrest is simply not a false arrest. Such an arrest is not unconstitutional, and a complaint based on such an arrest is subject to dismissal for failure to state a claim." *Smith v. Gonzales,* 670 F.2d 522, 526 (5th Cir. 1982) (citations omitted), cert. denied, 459 U.S. 1005 (1983).

Here, Judge Alonzo Harris issued an Arrest Warrant on November 17, 2019, based on the sworn testimony of Sgt. Doyle. Doc. 17, att. 1, pp. 6-7. "It is well settled that if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating" the arresting officer. *Curtis v. Sowell,* 761 Fed. Appx. 302, 304 (5th Cir. 2019) (*quoting Taylor v. Gregg*, 36 F.3d 453, 456 (5th Cir. 1994), *overruled on other grounds by Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003) (en banc). Fifth Circuit precedents have applied this rule "even if the arrestee was never convicted of a crime." *Curtis*, 761 Fed. Appx. at 304 (*citing Buehler v. City of Austin/Austin Police Dep't*, 824 F.3d 548, 554 (5th Cir. 2016).

> The Fifth Circuit has recognized, however, that this shield against liability is not absolute:
>
> There is an exception to the independent intermediary rule "if the plaintiff shows that 'the deliberations of that intermediary were in some way tainted by the actions of the defendant.'" *Deville v. Marcantel*, 567 F.3d 156, 170 (5th Cir. 2009) (*quoting Hand v. Gary*, 838 F.2d 1420, 1428 (5th Cir. 1988)). "[B]ecause the intermediary's deliberations protect even officers with malicious intent," *Buehler*, 824 F.3d at 555, "a plaintiff must show that the [officer's] malicious motive led the [officer] to withhold relevant information or otherwise misdirect the independent intermediary by omission or commission. *McLin [v. Ard],* 866 F.3d [682,] 689 [(5th Cir. 2017)]. When analyzing allegations of taint at the motion to dismiss stage, "'mere allegations of 'taint,'" *Cuadra v. Hous. Indep. Sch. Dist*., 626 F.3d 808, 813 (5th Cir. 2010) (quotation omitted), "may be adequate to survive a motion to dismiss where the complaint alleges other facts supporting the inference." *McLin*, 866 F3d at 690.

Curtis, 761 Fed. Appx. at 304-05.

In the present matter, neither the original nor any of the amended complaints allege that Sgt. Doyle deceived or withheld material information from the state court judge who found probable cause to arrest Plaintiff. *See Curtis*, 761 Fed. Appx. at 305. Rather, plaintiff alleges that Doyle had full knowledge of his innocence and arrested him regardless. See doc. 15, p. 3, ¶ 7. Yet these allegations, even when viewed in a light most favorable to Plaintiff and drawing all

7

inferences in his favor, fail to establish that the state court judge's probable cause determination was tainted by the Doyle' actions. In sum, the state court judge's independent finding of probable cause for the arrest warrant broke the chain of causation for Plaintiff's false arrest claim. Consequently, the false arrest claim cannot serve as the basis for a Section 1983 action against Doyle.

### *b. Failure to state claims against St. Landry Parish and LaSalle Management, Inc.*

Plaintiff has not alleged a legitimate basis for having named St. Landry Parish in his complaint. He has not identified a parish policy, practice, or custom which caused the damages he asserts in the manner contemplated. Instead, his claims are based on specific actions or inactions by personnel at the prison. St. Landry Parish, as a local governing body, is a "person" within the meaning of § 1983 and therefore is subject to suit under that provision. *Authement v. Par. of Terrebonne*, No. 09-4618, 2010 U.S. Dist. LEXIS 46673 (E.D. La. Mar. 19, 2010) (*citing Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). However, a governmental body may not be held vicariously liable for the actions of its employees; rather, it can be liable only "when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible." *Id*. Further, the plaintiff must allege not merely that such an unconstitutional policy or custom exists, but that it was the proximate cause of his injury. *See Collins v. City of Harker Heights*, 503 U.S. 115, 122-24 (1992); *Berry v. McLemore*, 670 F.2d 30, 33-34 (5th Cir. 1982), *overruled on other grounds*, *Int'l Woodworkers of America v. Champion Int'l Corp.*, 790 F.2d 1174 (5th Cir. 1986).

Further, while the Fifth Circuit has recognized that a private prison management company, like LaSalle Management, may be liable under § 1983 (*see, e.g., Rosborough v. Mgmt. & Training*

*Corp.*, 350 F.3d 459, 460-61 (5th Cir. 2003), plaintiff has failed to assert any facts upon which he can state a claim against this defendant.

Consequently, the claims against St. Landry Parish and Lasalle Management, Inc. should be dismissed as frivolous and for failure to state a claim for which relief may be granted pursuant to § 1915(e), § 1915A, and § 1997e.

## I.
## CONCLUSION

Therefore,

**IT IS RECOMMENDED** that the civil rights complaint filed on behalf of Joshua Tyler be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim on which relief can be granted, under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**IT IS FURTHER RECOMMENDED** that all pending motions in this mater be **DISMISSED** as **MOOT**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE in Chambers on this 13th day of October, 2022.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE